Argued November 18, reversed December 16, 1953

## STALTER *v.* STALTER
264 P. 2d 1049

*W. W. McKinney,* of Salem, argued the cause and filed a brief for appellant.

*Lawrence Osterman,* of Salem, argued the cause for

respondent. With him on the brief was Reginald S. Williams, of Salem.

Before LATOURETTE, Chief Justice, and ROSSMAN, LUSK, BRAND, TOOZE and PERRY, Justices.

## LATOURETTE, C. J.

Appeal by Lois Adele Stalter, now Seeds, mother of Dee Ann, from an order denying her motion for a modification of a former order of the court awarding the custody of the child to Mr. and Mrs. C. E. Wyant, who have a license from the Public Welfare Commission to care for children.

Alvin and Lois were married January 6, 1945, and Dee Ann was born on March 10, 1947, as the issue of said marriage. On August 24, 1949, the court gave Alvin a divorce and awarded him the custody of the child. Being unable to adequately look after her, she was placed by the father with the Wyants. In May, 1950, on motion of the mother for a change of custody the court affirmed such arrangement and ordered that the custody of the child remain in the Wyants. At that time neither one of the parties had remarried. On November 26, 1951, Alvin, having remarried, moved for a modification of the order theretofore entered, asking for an award of the custody of the child to him, whereupon Lois, the mother, on December 7, 1951, also moved the court for an order modifying the previous order of the court by awarding to her the custody of said child. She also moved for support money for the child. Both motions were consolidated and heard by the court, leading to the present order that said child remain with the Wyants until further order of the court. It is from this order that Lois has appealed.

The record shows that Alvin and his present wife are fine, upright citizens residing in Salem, where Alvin works for the Valley Motor Company and his present wife for the State Tax Commission of the state of Oregon. The two children of his present wife by a former marriage have been staying with her mother during the daytime while the parties are working. It was suggested that if the father should acquire the custody of Dee Ann the wife's mother would look after her also.

Lois, the natural mother of Dee Ann, after the first hearing awarding the custody of Dee Ann to the Wyants, on December 29, 1950, married James Seeds, a carpenter. Since such marriage Lois and James have had a child, who, together with Roberta, a daughter of Lois by a still former marriage, make up the happy household.

There is not one iota of evidence in the record, nor has any claim been made, that Lois is not a fit and proper person to have the custody of Dee Ann. In fact, no attack has been made upon her. The evidence produced by Alvin supports the high character of both him and his present wife. Likewise, seven witnesses, called by Lois, support her claim to the custody of the child, with glowing accounts of her and her husband's ability to look after Dee Ann. Even Mrs. Wyant, Dee Ann's custodian, states that the child gets along with the mother the same as she does with the father, and that the child shows affection for her mother.

It will be remembered that Alvin, the father, sought a modification of the decree. He is apparently satisfied with the disposition that the court made of the matter since he has not appealed from its decision. This case, then, simmers down to one question, would the best

interests of the child be subserved by letting her remain in the Wyant Nursing Home, or by transferring her to the custody of the mother?

Since the previous order of the court awarding the custody of the child to the Wyants, conditions have materially changed in that Lois has remarried and has the ability, willingness and resources to take care of her baby daughter. According to the record, Seeds is a hard-working man and a devoted father and husband, and there is no suggestion that his home would be an improper place for Dee Ann to be, other than some argument, unsupported by the record, that his previous marital status unfitted him to have a child in his home.

■ Under the circumstances of this case, as we are presently advised, we believe that the tender care of the mother would be more advantageous to the child than the nursing home of the Wyants. In this connection, we do not wish to cast any reflection on the Wyants as they are highly regarded in the community. A foster home has its place and, under some circumstances, is a very important adjunct to society, but it is not the place to have a child such as Dee Ann harbored, with children coming and going, when her own mother's home is available.

■ Alvin has been contributing $40 a month to Mrs. Wyant for the support of Dee Ann. In our opinion, that amount is reasonable for him to pay to Lois for the future support of the child.

An order will be entered awarding the custody of Dee Ann to the mother, Lois, with provision that Alvin pay to the clerk of the court the sum of $40 a month for her support, and that the father be permitted to visit said child at all reasonable times.

Reversed. Costs awarded to appellant.